[No. 6,978.—In Bank.]
October 6, 1882.

## THOMAS J. SHACKLEFORD *v.* POST PUBLISHING COMPANY.

CONFLICT IN EVIDENCE—FINDING.—There is a substantial conflict in the evidence in this case, and the findings for that reason will not be disturbed.

APPEAL by defendant from a judgment of the Twelfth District Court, City and County of San Francisco, and from an order denying a motion for a new trial. DAINGERFIELD, J.

Action brought by plaintiff against defendant for services as Secretary of defendant. The services were alleged to

have been performed between March 7, 1873, and November 26, 1875.

It was alleged in the complaint that such services were reasonably worth fifty dollars per month during that period, and that defendant promised and agreed to pay said sum. At the time these services were claimed to have been rendered, plaintiff was a Director and Secretary of defendant and appellant.

Defendant denied the value of the services, and alleged that no contract was made to pay complainant any sum whatever for said services, but that they were to be performed gratuitously. On the trial of the cause, plaintiff recovered judgment in the sum of five hundred dollars.

A motion for a new trial was made by the defendant but the Court denied the motion; thereupon this appeal was taken.

*Estee & Boalt,* for Appellant.

*Jarboe & Harrison,* for Respondent.

The COURT:

The Court below found the employment of plaintiff by defendant as its Secretary, the rendition of services under such employment, and the value of such services. The Court also found that the plaintiff had not undertaken or agreed that the services should be rendered by him gratuitously. Judgment went for plaintiff.

It seems to us that there is a substantial conflict in the evidence as to whether the services were to be rendered gratuitously; and, in view of the rule established here, we will not interfere with the findings.

Judgment and order affirmed.

MYRICK, J., dissenting:

I am of the opinion that the testimony shows that plaintiff by his action permitted the defendant to receive his services as Secretary, and to rest under the belief that such services were being rendered gratuitously; and that he in rendering those services, expected or hoped (without any agreement to that end), to receive some compensation or equivalent by a

voluntary apportionment to himself of some shares of the stock of defendant. Under such circumstances the plaintiff is not entitled to recover as for services rendered. The finding of the Court below is not sustained by the evidence.